IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| AUTOHAUS ACQUISITION, INC. : | |
| d/b/a VICTORY VOLKSWAGEN, : | Chapter 7 |
| Debtor : | |
| : | |
| LAWRENCE G. FRANK, TRUSTEE : | JOINT ADMINISTERED TO: |
| IN BANKRUPTCY FOR AUTOHAUS : | |
| ACQUISITION, INC., d/b/a : | THREE ARROWS ENTERPRISES, |
| VICTORY VOLKSWAGEN, : | INC., ET AL. |
| Plaintiff : | |
| : | CASE NO. 1:09-bk-07161 |
| v. : | ADVERSARY NO. 1:10-ap-00212 |
| : | |
| SUSQUEHANNA BANK : | |
| Defendant : | |

## SUSQUEHANNA BANK'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1. Defendant admits the allegations of Paragraph 1 of the Complaint.

2. Defendant admits the allegations of Paragraph 2 of the Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

4. Defendant admits the allegations of Paragraph 4 of the Complaint, but denies that Plaintiff is entitled to the relief sought in the Complaint.

5. Defendant admits the allegations of Paragraph 5 of the Complaint.

6. Defendant admits the allegations of Paragraph 6 of the Complaint.

7. The allegations set forth in Paragraph 7 pertain to a writing, which speaks for itself. Therefore, no further response to this paragraph is required. To the extent further response is required, Defendant admits only that the judgment note referenced in Paragraph 7 of the Complaint is dated April 16, 2008 and is in the original principal amount of Two Million Dollars ($2,000,000.00) and made payable to the Defendant. As to the remaining allegations contained

in Paragraph 7, Defendant lacks sufficient knowledge to admit or deny whether the Debtor actually signed the note on April 16, 2008, and therefore denies such allegations in full.

8. The allegations set forth in Paragraph 8 pertain to a writing, which speaks for itself. Therefore, no further response to this paragraph is required. To the extent further response is required, Defendant admits only that the judgment note referenced in Paragraph 8 of the Complaint is dated April 16, 2008 and is in the original principal amount of One Million Five Hundred Thousand Dollars ($1,500,000.00) and made payable to the Defendant. As to the remaining allegations contained in Paragraph 8, Defendant lacks sufficient knowledge to admit or deny whether the Debtor actually signed the note on April 16, 2008, and therefore denies such allegations in full.

9. The allegations set forth in Paragraph 9 pertain to a writing, which speaks for itself. Therefore, no further response to this paragraph is required.

10. The allegations set forth in Paragraph 10 pertain to a writing, which speaks for itself. Therefore, no further response to this paragraph is required. To the extent further response is required, Defendant admits only that the floor plan loan and security agreement referenced in Paragraph 10 of the Complaint is dated April 16, 2008 and serves to pledge all of the Debtor's vehicle inventory (in addition to other collateral) to the Defendant as collateral for the loans described in the aforementioned paragraphs. To the extent the Plaintiff's allegation in Paragraph 10 serves to allege that the floor plan loan and security agreement was actually signed on April 16, 2008, Defendant lacks sufficient knowledge to admit or deny whether the parties signed the floor plan loan and security agreement on April 16, 2008, and therefore denies such allegations in full.

3134181-1

2

Case 1:10-ap-00212-RNO    Doc 17    Filed 02/14/11    Entered 02/14/11 13:35:12    Desc
Main Document    Page 2 of 5

11. The allegations set forth in Paragraph 11 pertain to a writing, which speaks for itself. Therefore, no further response to this paragraph is required. To the extent further response is required, Defendant admits only that the Defendant filed a UCC-1 financing statement relating to its security interest in certain of Debtor's property (including all of its vehicle inventory) and that such financing statement was filed in the Corporation Bureau of the Department of State of the Commonwealth of Pennsylvania. As to the remaining allegations contained in Paragraph 11, Defendant lacks sufficient knowledge to admit or deny whether the financing statement was actually filed on June 22, 2009, and therefore denies such allegations in full.

12. The allegations of Paragraph 12 all state legal conclusions to which no response is required. To the extent further response is required, the allegations contained in Paragraph 12 are admitted in part and denied in part. Defendant admits that the UCC-1 financial statement described in Paragraph 11 gives the Defendant a valid first lien and perfected security interest in the collateral described therein.

13. The allegations of Paragraph 13 all state legal conclusions to which no response is required. To the extent further response is required, the allegations contained in Paragraph 13 are admitted in part and denied in part. Defendant admits Plaintiff seeks the relief it pleads under the Complaint, but denies that Plaintiff is entitled to such relief.

14. The allegations of Paragraph 14 all state legal conclusions to which no response is required. To the extent further response is required, the allegations contained in Paragraph 14 are admitted in part and denied in part. Defendant admits Plaintiff seeks the relief it pleads under the Complaint, but denies that Plaintiff is entitled to such relief. Defendant specifically denies the allegations contained in Subparagraphs (a), (b) and (d) and lacks sufficient knowledge to admit or deny the allegations set forth in Subparagraphs (c) and (e).

15. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 15.

## **AFFIRMATIVE DEFENSES**

16. Plaintiff's claims are barred, in whole or in part, because some or all of the transfer(s) alleged in the Complaint (and/or otherwise received by Defendant) were intended by Plaintiff and Defendant to be a contemporaneous exchange for new value, and in fact were a substantially contemporaneous exchange.

17. Plaintiff's claims are barred, in whole or in part, because all of the transfer(s) alleged in the Complaint (and/or otherwise received by Defendant) were made in payment of a debt incurred by Plaintiff in the ordinary course of business of Plaintiff, were made in the ordinary course of business of Plaintiff and Defendant, and were made according to ordinary business terms.

18. Plaintiff's claims are barred, in whole or in part, because after some or all of the transfer(s), Defendant gave new value to or for the benefit of Plaintiff on account of which new value Plaintiff did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

19. Plaintiff's claims are barred because Plaintiff lacks standing to bring such claims.

20. Plaintiff may not avoid the alleged transfer(s) (and/or transfers otherwise received by Defendant) to Defendant because such transfer(s) did not enable Defendant to receive more than Defendant would have received if the case were a Chapter 7 case, the transfer(s) had not been made, and Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

21. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

22. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

23. Plaintiff's clams are barred, in whole or in part, by the doctrine of waiver.

24. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

25. Plaintiff's claims are barred, in whole or in part, by the doctrine of recoupment and/or set off.

26. Plaintiff's claims are barred, in whole or in part, by failure of consideration.

27. Plaintiff's claims are barred, , in whole or in part, by the applicable statute(s) of limitations.

28. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

29. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether Defendant may have additional and yet unstated affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates that such defenses are appropriate.

Wherefore, Defendant prays the Court that Plaintiff take nothing by this action.

BARLEY SNYDER LLC

Dated: February 14, 2011     By: _____*Donald R. Geiter*_____
Donald R. Geiter, Esquire
Court I.D. No. 202629
Timothy G. Dietrich, Esquire
Court I.D. No. 37853
126 East King Street
Lancaster, PA 17602
(717) 299-5201
*Attorney for Defendant Susquehanna Bank*