IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| **AUTOHAUS ACQUISITION, INC.,** | : | |
| **d/b/a VICTORY VOLKSWAGEN,** | : | |
| Debtor | : | |
| | | |
| **LAWRENCE G. FRANK, TRUSTEE** | : | JOINT ADMINISTERED TO: |
| **IN BANKRUPTCY FOR AUTOHAUS** | : | |
| **ACQUISITION, INC., d/b/a** | : | THREE ARROWS ENTERPRISES, |
| **VICTORY VOLKSWAGEN,** | : | INC., ET AL |
| Plaintiff | : | |
| | : | CASE NO. 1:09-bk-07161 |
| v. | : | |
| | : | ADVERSARY |
| **SUSQUEHANNA BANK,** | : | NO. 1:10-ap-00212 |
| Defendant | : | |

## O R D E R

UPON CONSIDERATION of the foregoing Motion for leave to compromise controversy between the estate and Susquehanna Bank, following notice to creditors and other parties in interest, no responses having been filed thereto on or before the last day for filing same, and upon motion of Lawrence G. Frank, Trustee in Bankruptcy, good reason appearing therefor, no objections appearing thereto, it is

HEREBY ORDERED AND DECREED that the motion of the Trustee be and hereby is approved on the terms and conditions set forth in the motion, to wit:

(a) The parties agree that as between the Trustee and Susquehanna Bank only, Susquehanna Bank shall be considered tantamount to an "unsecured creditor"

1

for bankruptcy court purposes in the Autohaus case only; understanding that nothing herein shall affect Susquehanna Bank's status as a secured creditor of the Debtors for all other purposes, including under relevant state law and/or for state court purposes.

(b) The funds in the possession of the Trustee in the amount of $868,073.80 resulting from the sale of the franchise by the Debtor-in-Possession during the pendency of the chapter 11 proceeding shall be considered free and clear of any liens, claims or encumbrances of Susquehanna Bank.

(c) The funds in the possession of the Trustee in the amount of $12,750.00 from the sale of a Ford 2006 E-350 shall be considered free and clear of any liens, claims and encumbrances of Susquehanna Bank.

(d) The funds to be received by the Trustee from the sale of five (5) motor vehicles which are the subject of a sale motion approved by this Court shall be free and clear of any liens, claims or encumbrances of Susquehanna Bank.

(e) The Trustee will not claim, and hereby relinquishes any claim to any transfers or

payments made by the Debtors to Susquehanna Bank within the ninety (90) day preference period or any other payments made to Susquehanna Bank on a "preferential transfer" or similar theory.

(f) Susquehanna Bank will amend its Proof of Claim as necessary to reflect its status as a general "unsecured creditor" in the Autohaus case for bankruptcy court purposes.

(g) Susquehanna Bank will receive its pro rata share from the assets already liquidated in the Autohaus case as a general unsecured creditor.

(h) The Trustee agrees that Susquehanna Bank is a "secured creditor" in the Three Arrows case and further agrees to not object to the Proof of Claim of Susquehanna Bank once amended in the Autohaus case as contemplated in paragraph (e) above.

IT IS FURTHER ORDERED AND DECREED that the Trustee be and hereby is permitted to execute any and all documents necessary to effectuate the above compromise of controversy on the above terms and conditions set forth in the Trustee's motion.

By the Court,

_____
Robert N. Opel, II, Bankruptcy Judge
(BI)

Dated: August 17, 2011

3